IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLTON THEODORE LANDIS, | : | CIVIL ACTION NO. 1:21-CV-244 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| DAVID J. EBBERT, IAN CONNERS, | : | |
| J. RAY ORMOND, J. KONKLE, | : | |
| HUGH HERWITZ, D. LANGTON, | : | |
| J. SAVIDGE, M. CONDIT, STEESE, | : | |
| HACKENBURG, CRESSINGER, | : | |
| J. SIENKIEWICZ, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff Carlton Theodore Landis ("Landis"), an inmate who was housed at all relevant times at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), commenced this action against twelve individuals employed by the Federal Bureau of Prisons ("BOP") suing them under the Pennsylvania constitution, state tort law, and 42 U.S.C. § 1985(3) and § 1986. (Doc. 1). Before the court is the United States' motion for initial screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. (Doc. 6). For the reasons set forth below, the court will grant the motion, perform an initial screening of the complaint, and dismiss the complaint with leave to amend.

I.  **Factual Background & Procedural History**

In the complaint, Landis names the following defendants: Warden David J. Ebbert; National Inmate Appeals Administrator Ian Conners; Northeast Regional Director J. Ray Ormond; Captain John Konkle; former BOP Director

Hugh Hurwitz; Correctional Officer D. Langton; Correctional Officer Jesse Savidge; Correctional Officer M. Condit; Correctional Officer Steese; Correctional Officer Michael Hackenberg; Correctional Officer Cressinger; and Correctional Officer J. Sienkiewicz. (Doc. 1 ¶¶ 9-20).

Landis alleges that on September 18, 2018, officials at USP-Lewisburg attempted to place him in a cell with another African American inmate to invoke "black-on-black violence." (Id. at ¶¶ 21-22). The inmate refused to accept Landis as a cellmate, and Landis was placed in another, unoccupied cell. (Id. at ¶¶ 23-25). Because Landis complained about the "dangerous cell assignment", defendants Savidge, Hackenburg, and Steese allegedly revoked his recreation from September 18, 2018 through October 4, 2018. (Id. at ¶¶ 26-27). On October 5, 2018, Landis attended recreation where he was threatened and harassed by inmates and assaulted by a prison official. (Id. at ¶¶ 31-32).

Landis alleges that from October 8, 2018 through June 15, 2019, defendants revoked his recreation based on his various complaints about prison officials and because he was African American. (Id. at ¶¶ 34-35, 40). He further alleges that defendants conspired to revoke his recreation. (Id. at ¶¶ 43, 46, 56).

For relief, Landis seeks compensatory and punitive damages. (Id. at ¶ 73).

## II.   Legal Standard

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or

officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  This initial screening is to be done as soon as practicable and need not await service of process.  See id.  If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint.  28 U.S.C. § 1915A(b)(1).  District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions.  See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view

them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw

4

the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III. Discussion

#### A. Landis Cannot Sue the BOP Defendants Under the Pennsylvania Constitution or Pennsylvania Tort Law

Landis is suing the twelve individual BOP defendants under the Pennsylvania Constitution and Pennsylvania tort law.  (Doc. 1 ¶¶ 4, 5, 70-72).  He specially states that "nothing in this complaint shall be construed as Plaintiff attempting to assert any claim pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 88 (1971), or the Federal Tort Claims Act, 28 U.S.C. 1346(b)".  (Id. at ¶ 7).  However, Landis cannot sue the individual BOP defendants under the Pennsylvania Constitution or Pennsylvania tort law.  The proper avenue is to pursue a claim against the United States under the Federal Tort Claims Act ("FTCA").  See 28 U.S.C. §§ 2674, 2679; CNA v. United States, 535 F.3d 132, 138 n. 2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA.").  Because Landis' state law claims may not proceed against the individual defendants, the court will dismiss these claims for lack of jurisdiction.

#### B. Landis Fails to State a Claim Under Sections 1985(3) and 1986

Landis alleges that the BOP defendants conspired to deprive him of equal protection of the laws in violation of 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986.  (Doc. 1 ¶¶ 43, 46, 56, 68-69).

To prevail under § 1985(3), a plaintiff must prove the following elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." <u>United Brotherhood of Carpenters and Joiners of Am., Local 610, AFL-CIO v. Scott</u>, 463 U.S. 825, 828-29 (1983).  In the complaint, Landis alleges that defendants conspired together to revoke his recreation because he was African American. (Doc. 1 at 10-19).  Importantly, conclusory allegations do not form the basis for a claim based on a violation of § 1985.

First, Landis has satisfied the identifiable class requirement of § 1985 by alleging that defendants discriminate against African American inmates. Second, "[a] conspiracy claim based upon Section 1985(3) requires a clear showing of invidious, purposeful and intentional discrimination between classes or individuals."  <u>Robinson v. McCorkle</u>, 462 F.2d 111, 113 (3d Cir. 1972). The type of race-based discrimination alleged by Landis is invidious.  See <u>Farber v. City of Paterson</u>, 440 F.3d 131, 141 (3d Cir. 2006) ("to state a § 1985(3) claim, it must be independently determined that discrimination . . . is invidious in the same way that discrimination directed at African-Americans is invidious.").  Third, Landis has alleged a violation of a right recognized under § 1985—his right to equal protection of the laws.  However, Landis fails to allege sufficient specific facts to support any conspiratorial agreement actionable

6

under § 1985(3). (Doc. 1 at 10-18). Mere conclusory allegations of deprivations of constitutional rights under § 1985(3) are insufficient to state a claim under § 1985(3). See Robinson, 462 F.2d at 113; Kokinda v. Pennsylvania Dep't of Corr., 779 F. App'x 944, 948-49 (3d Cir. 2019) (nonprecedential). Landis has failed to allege any specific facts showing that a conspiracy existed. Thus, his claim under § 1985(3) must fail.

Next, Landis brings a claim under 42 U.S.C. § 1986. (Doc. 1 ¶¶ 4, 5, 69). Section 1986 is a companion to § 1985(3). In order to state a claim under § 1986, a plaintiff must allege that: "(1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a § 1985 violation, (3) the defendant neglected or refused to prevent a § 1985 conspiracy, and (4) a wrongful act was committed." Clark v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994). Therefore, if a plaintiff does not set forth a cause of action under § 1985, his claim under § 1986 necessarily fails as well, because "transgressions of § 1986 by definition depend on a preexisting violation of § 1985." Rogin v. Bensalem Tp., 616 F.2d 680, 696 (3d Cir. 1980). Because Landis cannot proceed with a claim under § 1985(3), his claim under § 1986 necessarily fails. See id. Moreover, even if Landis had valid claims under § 1985, his claims under § 1986 must be dismissed because they were filed beyond the statute of limitations for § 1986 actions. Section 1986 provides its own statute of limitations, which states that "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986. In

this case, Landis' cause of action under § 1986 occurred from September 2018 to June 2019, but he did not file his complaint until February 2021. Thus, his claims against the defendants under § 1986 must be dismissed because they were not brought within the one-year statute of limitations.

### IV. Leave to Amend

The court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of Landis. See Erickson v. Pardus, 551 U.S. 89 (2007). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). Because Landis' § 1985(3) claim is factually rather than legally flawed, the court will grant him an opportunity to amend his pleading with respect to this claim. However, based on the fundamental legal flaws in Landis' state law claims and § 1986 claim, granting leave to amend these claims would be futile.

## V.     Conclusion

We will grant the United States' motion (Doc. 6) for initial screening and dismiss the complaint with leave to amend.  An appropriate order shall issue.

```
                                        /S/ CHRISTOPHER C. CONNER
                                        Christopher C. Conner
                                        United States District Judge
                                        Middle District of Pennsylvania
```

Dated:        January 19, 2022